

**MERCHANT**
**L A W   G R O U P   L L P**

203 EAST POST ROAD, WHITE PLAINS, NEW YORK 10601  TELEPHONE 845-704-7777  FACSIMILE 877-607-5419
NEW YORK • VANCOUVER • VICTORIA • CALGARY • EDMONTON • REGINA • SASKATOON • TORONTO • MONTREAL

**VIA ECF**

July 18th, 2014

        Re:    United States v. Guerrier Cantave
               14-CR-41 (DNH)

The Honorable Judge David N. Hurd
U.S. District Court
Northern District of New York
10 Broad Street
Utica, NY 13501

Dear Judge Hurd:

We submit this letter on behalf of our client, Guerrier Cantave.

For the reasons set out herein, we write to request that the Suppression Hearing which is currently scheduled for Friday, July 25th, 2014, be adjourned until November 20th, 2018, or later. Alternatively, we would ask that Mr. Cantave be excused from attending the Suppression Hearing. The Government opposes both requests.

### STATEMENT OF FACTS

On October 26th, 2013, shortly after midnight, Mr. Cantave was arrested by a roving border patrol. The criminal complaint alleged that "Guerrier Cantave knowing and in reckless disregard of the fact that an alien, Noelcy Valentin, had come to, entered, and remained in the United States in violation of law, did transport and move such alien within the United States by means of transportation and otherwise, in furtherance of such violation of law."

On November 6th, 2013, Magistrate Judge Larry A. Kudrle granted Mr. Cantave bail in the amount of $10,000 secured by $5000. Rather than being released and being allowed to return to Canada, Mr. Cantave was taken into Immigration and Customs Enforcement Custody, where he spent more than two weeks in custody at the Batavia Federal Detention Facility. On November 20th, 2013, Mr. Cantave was granted voluntary departure under safeguards by the Honorable Immigration Judge Steven J. Connelly. Several days later Mr. Cantave was "voluntarily" returned to Canada, where he arrived in handcuffs and shackles, at the U.S. Government's expense.

On January 30th, 2014, Mr. Cantave was indicted for Attempted Transportation of an Alien, and on June 6th, 2014, the Court granted Mr. Cantave's request for a suppression hearing.

It is against this backdrop that the Defendant makes the aforementioned requests.

Page 2 of 4

## THE SUPPRESSION HEARING SHOULD BE ADJOURNED

The Defendant respectfully submits that the suppression hearing should be adjourned on the grounds that Mr. Cantave cannot lawfully enter the United States without the express consent of the Attorney General, and that the Defendant cannot obtain the Attorney General's express consent until at least November 20th, 2018.

While Mr. Cantave has received permission to enter the United States from Craig Gommel, the Chief of Passenger Operations for the Champlain border crossing, Mr. Cantave asserts that this does not constitute the express consent of the Attorney General. In other words, the issue is not whether or not Mr. Cantave will be allowed to enter the United States in order to attend the suppression hearing, the issue is whether Mr. Cantave is subject to conviction under 18 U.S.C. § 1326 if he enters with Chief Gommel's permission but without the Attorney General's express consent. A redacted copy of Chief Gommel's authorization letter is attached hereto.

In *United States v. Gay*, 7 F.3d 200 (11th Cir.1993), cert. denied, 511 U.S. 1130, 114 S.Ct. 2141, 128 L.Ed.2d 869 (1994), the Court held that a previously arrested and deported alien who reenters the country *with the permission of INS officials stationed at a port of entry* is nonetheless subject to conviction under 18 U.S.C. § 1326 if no other attempt was made by the defendant to secure the express consent of the Attorney General.

In *U.S. v. Martus*, 138 F.3d 95 (2nd Cir. 1998), the Court discussed the manner in which the Attorney General's express consent can be obtained stating:

> The Attorney General's express permission to reapply for readmission to the United States can be obtained through the process described in 8 C.F.R. § 212.2. The government introduced into evidence a Certificate of Nonexistence of Record signed by the Acting Chief of Records Operations for the Immigration and Naturalization Service, establishing that Mr. Martus had not yet filed an application for permission to reapply for admission to the United States after deportation pursuant to the procedure outlined in 8 C.F.R. § 212.2, nor had such permission been granted to him. Moreover, Defendant's trial testimony acknowledged that he had received no such permission. Permission to reapply for admission must be expressly given, 8 U.S.C. § 1326 (Attorney General must have "expressly consented to such alien's reapplying for admission"), and the Code of Federal Regulations clearly provides for how this express permission may be obtained. **There is no statute or regulation that expressly authorizes a border guard to grant the required express consent of the Attorney General, cf. 8 C.F.R. § 103.1 (Delegations of Authority)**, and even if there was an implicit or constructive delegation of such authority, no express consent to reapplication for admission could be found where a deported alien reenters without informing the INS officials of his prior deportations. See, e.g., *United States v. Mancebo–Santiago*, 875 F.Supp. 1030, 1035 (S.D.N.Y.1995).

8 CFR § 212.2 is entitled "Consent to reapply for admission after deportation, removal or departure at Government expense" and states in pertinent part:

> Any alien who has been deported or removed from the United States is inadmissible to the United States unless the alien has remained outside of the United States for **five consecutive years** since the date of deportation or removal.

While Mr. Cantave was granted "voluntary departure", his departure took place at the expense of the United States Government (in handcuffs and shackles) and Mr. Cantave is therefore subject to the five year bar set out in 8 CFR §212.2(a).

18 U.S.C. § 1326 states as follows:

> Subject to subsection (b) of this section, **any alien who** —
>
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> **(2) enters, attempts to enter, or is at any time found in, the United States, unless**
>
>> (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, **the Attorney General has expressly consented** to such alien's reapplying for admission; or
>>
>> (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
> shall be fined under title 18, or imprisoned not more than 2 years, or both.

Based on the foregoing, it appears that Mr. Cantave is stuck between a rock and a hard place. On one hand, it is impossible for Mr. Cantave to obtain the express consent of the Attorney General to enter the United States without violating 18 U.S.C. § 1326[1]. On the other hand, if Mr. Cantave does not appear as required, he will be violating 18 U.S.C. § 3146. Thus, the interests of justice counsel persuasively in favor of adjourning this matter until such time as Mr. Cantave is in a position to obtain the express consent of the Attorney General.

---

[1] Pursuant to 8 C.F.R. § 103.1, it appears that an Assistant United States Attorney is also not in a position to grant the required express consent of the Attorney General.

## THE DEFENDANT SHOULD BE EXCUSED FROM ATTENDING

Very much in the alternative, and for the reasons set out above, the Defendant respectfully requests that he be excused from attending the suppression hearing, and that the hearing proceed in his absence. *In re United States of America*, 597 F.2d 27, 28 (2nd Cir. 1979), the Court stated as follows:

> Normally a judge can and should compel a defendant to be present at all stages of a felony trial pursuant to Rule 43(a). We think, however, that there is a residue of judicial discretion in unusual circumstances where good cause is shown such as physical endangerment of the defendant to permit temporary absence.
>
> We hold that a judge may in those exceptional circumstances exercise his discretion to accept a waiver of appearance from a defendant in a criminal trial where the choice of absence, a long continuance, or severance is exigent.

The unique circumstances of this case constitute exceptional circumstances, and the Court should excuse Mr. Cantave's absence.

Respectfully,

Merchant Law Group LLP

By: *Daniel D*
Daniel DeMaria

cc: Wayne Myers, Esq. (via electronic mail)
Assistant United States Attorney



**U.S. CUSTOMS AND BORDER PROTECTION**
DEPARTMENT OF HOMELAND SECURITY
237 West Service Road
Champlain, New York  12919

July 18, 2014

Wayne A. Myers
Assistant United States Attorney
445 Broadway, Room 218
Albany, NY  12207

Re: Mr. Guerrier CANTAVE (DOB: ███████, A█████951)

Per your request, CBP is prepared to authorize Mr. Guerrier CANTAVE to enter the United States to participate in court proceedings in Utica, New York on July 25, 2014 using our discretionary parole authority pursuant to section 212(d)(5) of the Immigration & Nationality Act (as amended).

I will notify our personnel to expect him. Upon arrival at the Champlain, New York Port of Entry (Route 87) on 7/24 or 7/25. Mr. Cantave should inform the officer that a parole has been arranged for him. Mr. Cantave should allow sufficient time for processing and to drive himself to his destination. Mr. Cantave will be issued a Form I-94 to document his arrival. He must surrender the document upon his departure to Canada. The instructions are on the reverse of the form.

Please contact this office at 518-298-7245 if you have any questions.

Regards,

*[signature]*

Craig Gommel
Chief – Passenger Operations
Port of Champlain, NY