

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *445 Broadway, Room 218* | *Tel.: (518) 431-0247* |
| *James T. Foley U.S. Courthouse* | *Fax: (518) 431-0249* |
| *Albany, New York 12207-2924* | |

July 21, 2014

**VIA CM/ECF**

Hon. David N. Hurd
U.S. District Judge
Federal Building and U.S. Courthouse
10 Broad Street
Utica, New York 13501

      Re:    *United States v. Cantave*, 14-CR-41 (DNH)

Dear Judge Hurd:

The government opposes the defendant's requests to (1) adjourn the suppression hearing until 2018 and (2) not appear at the suppression hearing currently scheduled for July 25, 2014.

***First,*** the defendant's claim that he cannot attend court proceedings in the United States because he will face a potential criminal charge under 8 U.S.C. § 1326 is meritless.

The Department of Homeland Security has authorized the defendant to enter the United States on July 24-25, 2014 to attend the July 25, 2014 suppression hearing.  *See* Dkt. No. 32 at 5, Jul. 18, 2014 Ltr. from C. Gommel.  The Department of Homeland Security is the successor of the Attorney General for purposes of, *inter alia*, "[e]stablishing and administering rules, in accordance with section 236 of this title, governing the granting of visas or other forms of permission, ***including parole***, to enter the United States to individuals who are not a citizen or an alien lawfully admitted for permanent residence in the United States."  6 U.S.C. § § 202(3), (4), and 557 (emphasis added).  *See also United States v. Rios-Zamora*, 153 Fed. App'x 517, 520-521 (10th Cir. 2005) ("With the transfer of authority under § 557, as of March 1, 2003, the title 'Attorney General' is synonymous with the Secretary of Homeland Security.  Under the Homeland Security Act, only advance consent from the Secretary of Homeland Security is required, and the government concedes as much.").  Accordingly, the defendant's entry into and presence in the United States, pursuant to the parole terms set forth in the July 18, 2014 letter, will not be in violation of 8 U.S.C. § 1326.[1]

---

[1] Neither of the two cases cited by the defendant in his July 18, 2014 letter stand for the proposition that an alien paroled into the United States is subject to a criminal charge under 8 U.S.C. § 1326.  The first, *United States v. Gay*, 7 F.3d 200 (11th Cir. 1993), involved a defendant who was not issued a parole and bypassed customs by making

*Second,* the defendant has not identified a single circumstance, and certainly no exceptional one (e.g., safety), that would justify his non-appearance at the suppression hearing. *In re United States of America*, 597 F.2d 27, 28 (2d Cir. 1979) ("judge can and should compel a defendant to be present at all states of a felony trial"). Indeed, a condition of the defendant's pre-trial release was that he would appear for all future court proceedings. *See* Dkt. Case No. 13-MJ-522 (LAK), Dkt. No. 5 ("The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed."). Thus, although a defendant can waive his right to be present, such a waiver requires "a record inquiry to determine whether the defendant's absence was 'knowing and voluntary' and without sound excuse—otherwise, a remand is ordinarily warranted . . . ." *United States v. Tureseo*, 566 F.3d 77, 83-84 (2d Cir. 2009).

        Respectfully submitted,

        RICHARD S. HARTUNIAN
        United States Attorney

By: /s/ Wayne A. Myers
        Wayne A. Myers
        Assistant United States Attorney
        Bar Roll No. 517962

---

false representations about his criminal history and was therefore deemed to have entered "in some illegal manner." (internal citations and quotations omitted). The second, *United States v. Martus*, 138 F.3d 95, 97 (2d Cir. 1998) concerned a defendant who was not issued a parole and walked past the U.S. Customs Office without checking in, and ultimately acknowledging that he did not have permission to enter the United States.